UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  :
UNITED STATES OF AMERICA          :     No. 18-cr-59-8 (RJL)
                                  :
                                  :
v.                                :
                                  :
RUSSELL HARRISON,                 :
                                  :
             Defendant.           :
_____:

**GOVERNMENT'S *SUPPLEMENT* TO ITS SENTENCING MEMORANDUM**

The Government filed it Sentencing Memorandum on November 5, 2018 (D.E. 93). The Government files this brief supplement in order to address certain of the points raised in the Defendant's Sentencing Memorandum that was filed this evening (D.E. 137).

*First*, the Defendant misrepresents the law. This Court has the authority to sentence the Defendant up to life imprisonment. By asking this Court to sentence the Defendant to eleven years of incarceration, it is not asking for an illegal sentence or "urg[ing] the Court to disregard controlling precedent . . . and sentence [the] Defendant as though he is a career offender" (Def.'s Mem. at 6 (D.E. 137)). Rather, consistent with the Court's duty, the Government is asking the Court to fashion a sentence that adequately ensures deterrence against future criminal conduct, promotes respect for the law, and reflects the seriousness of the charged offenses. Here, the Defendant was in possession of an arsenal of weapons, mass capacity drum magazines, and an extensive amount of ammunition, all of which while engaging in a narcotics conspiracy.

*Second*, shockingly, the Defendant "has serious questions [about] the propriety of the government's suggestion that this Court impose an upward departure based on speculation about what another District Court in another jurisdiction might do" (*id.* at 8). The Armed Career Criminal

Act is the law of the land. The Defendant's unlawful possession of firearms occurred in Maryland. His DNA was on certain of the guns and if convicted, he would have been sentenced to a mandatory and non-discretionary period of 15 years of incarceration. Any judge in Maryland would have been bound by this binding federal statute. The Government is not improperly speculating, it is stating a fact.

***Third***, the Defendant asks this Court to disregard the fact that he stabbed a fellow inmate while detained in this case (*id.*). It is wholly appropriate for the Court to consider this fact when evaluating the Defendant's history and characteristics. The Defendant has been engaging in felony type offenses before becoming an adult and has continued to do so even while incarcerated in this case. The Defendant is a life-long criminal. The Court should consider this when rendering its sentence.

***Fourth***, the hypothetical relevant conduct of 5.6 grams but less than 11.2 grams of cocaine base, as referenced by U.S. Probation, is a minute fraction of narcotics. The Defendant offers no facts as to why his offense level would be level 12 and not level 16 as contemplated by U.S. Probation, especially, when level 12 addresses less than 2.8 grams of crack, an exceedingly small fraction of narcotics for a lengthy narcotics conspiracy. While not relevant to the charge that the Defendant pled guilty to in this case, the Government rejects any notion that the Defendant's initial narcotics offense level would be 12.

***Finally***, the Defendant argues that the Government asked the Court to sentence Mr. Harrison to . . . significantly more prison time than any of his codefendants," while previously identifying Catlett, Davis, and Jenkins as the more serious defendants (*id.* at 11-12). None of those individuals, however, have been sentenced yet in this case. Moreover, Jenkins' criminal history

score is 0, not 9, as is Defendant Harrison's criminal history score. Moreover, while the Defendant argues to this Court that he was a "minor player" (*id.* at 13) in the conspiracy, he does not explain why he possessed all the firearms, ammunition, and magazines that he did in his residence. In fourteen pages of his Sentencing Memorandum, the Defendant does not even mention the firearms, let alone, try to explain them or take responsibility for them. This Court cannot ignore the unbelievable danger that the Defendant posed to the community and law enforcement in this case as an armed drug trafficker.

For all these reasons, the Government recommends that the Court sentence the Defendant to a total sentence of 132 months of incarceration to be followed by five years of supervised release.

                                         Respectfully submitted,

                                         JESSIE K. LIU
                                         United States Attorney
                                         D.C. Bar No. 472845

By:            /s/
                  CHRISTOPHER MACCHIAROLI
                  D.C. Bar No. 491825
                  KEVIN ROSENBERG
                  Ohio Bar 0081448
                  Assistant United States Attorneys