UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
UNITED STATES OF AMERICA                :     No. 18-cr-59-8 (RJL)
                                        :
                                        :
v.                                      :
                                        :
RUSSELL HARRISON,                       :
                                        :
            Defendant.                  :
_____:

**GOVERNMENT'S *SECOND SUPPLEMENT* TO ITS SENTENCING MEMORANDUM**

On May 1, 2019, the parties appeared for a sentencing hearing in the above-referenced matter and gave their respective allocutions on what should be an appropriate sentence for the Defendant in this case. Upon the Court's invitation, the Government submits this second supplement to its Sentencing Memorandum in order to address a number of arguments raised by the Defendant at the May 1, 2019 hearing.

*First*, Defense counsel fundamentally misunderstands what it means to be charged with a detectable amount of narcotics. A detectable amount is not, as the Defendant's counsel would have the Court believe, a microscopic amount of narcotics, but rather, is *any* amount of narcotics less than a mandatory minimum amount for which the Government is required to provide notice of in its charging document. For example, codefendants Darnell Catlett and Brian Jenkins were also charged with a *detectable* amount of cocaine, but as shown in Mr. Jenkins' factual proffer, both Catlett and Jenkins were trafficking in a kilogram quantity of cocaine and discussed supplying narcotics to Defendant Russell Harrison:

> In this capacity, I also assisted Darnell Catlett with the cooking of powder cocaine into crack, including, when Darnell Catlett received a kilogram of cocaine in October of 2017. . . . [O]n September 26, 2017[,] [a]t approximately 5:11 a.m., Darnell Catlett sent me a text message that stated "Soft for russ." At approximately

> 2:19 p.m., I drove to the area of the Wah Mee & New China restaurant located at 1604 Rhode Island, Avenue, Northeast and brought a resale amount of cocaine with me. Once I arrived, I parked my car and met with Darnell Catlett and **Russell Harrison** for the purpose of providing them with cocaine. On this date, I did provide them with cocaine.

*See* Jenkins' Proffer of Facts at 1 (D.E. 133) (emphasis added). Defense counsel's assertion before this Court that he is not aware of any evidence of any detectable amounts of cocaine attributable to the Defendant is completely disingenuous, when there are numerous activations on the wire detailing the Defendant's participation in the conspiracy and the quantities of narcotics that he possessed as part of the conspiracy, which were far above his claim of mere residue on the items found in his residence. Defense counsel's assertions also conflict with the Defendant's own factual proffer in this case, whereby the Defendant stated, under oath: "From September 2017 through my arrest on March 15, 2018, I, Russell Harrison conspired with Darnell Catlett and others to purchase cocaine and to redistribute it to third parties" (D.E. 72 at 1). Therefore, contrary to Defense counsel's assertion otherwise, the Defendant would not have been at the bottom of the guidelines for his drug trafficking in this case if he had pled guilty to a separate drug offense. Likewise, the Defendant's claim that if he had pled guilty to the Indictment his criminal exposure would only be approximately 75 months of incarceration is equally meritless.

  ***Second***, the Defendant's reliance on the D.C. Circuit's decision in *United States v. Murray*, 897 F.3d 298 (D.C. Cir. 2018) as authority is mistaken. As this Court was keenly aware of at the hearing, *Murray* has no relevance to the sentencing before this Court as *Murray* applies to circumstances where there is a difference between the estimated guidelines range at the time of a plea and the final guidelines range as determined by U.S. Probation at the time of sentencing (taking into consideration any intermediate arrests and convictions). That has no bearing in this

2

case. The guidelines range for a violation of 18 U.S.C. § 924(c) is 60 months of incarceration, period. It would not matter if the Defendant had ten prior convictions, no prior convictions, or ten convictions between the plea and sentencing dates, the Defendant's guidelines range would *always* be 60 months.

*Third*, the Defendant's counsel's claim that the Defendant was the low man on the totem pole and was just left holding guns in his house for his coconspirators is factually erroneous. The Government has no idea what counsel is talking about. The Defendant had DNA and fingerprints on certain of the guns and admitted to having multiple guns in the holding cell recording upon his arrest. Moreover, the Defendant's own factual proffer states the following regarding the guns: "I possessed the firearms in furtherance of my drug trafficking as the firearms protected me and my residence from being robbed by customers or other drug dealers when I was possessing and distributing narcotics" (D.E. 72 at 2). Defendant's counsel's assertion is without merit.

*Finally*, it was clear to the Court, the Defendant, and the Defendant's prior counsel that the Government would be seeking a sentence above the guidelines range in this case. The Plea Agreement signed by the Defendant states:

> The United States expressly reserves its right to **seek a sentence above the final applicable guidelines** as determined by the U.S. Probation Office. Accordingly, this letter provides statutory notice to the Defendant that the Government *reserves* its right to seek an upward departure in this case.

Plea Agreement, ¶ 5 (D.E. 71) (emphasis added). Moreover, at the plea hearing, the Government stated: "to be clear to everybody including the defendant, we will not be seeking the mandatory minimum of 60 months, we'll be seeking something above that." *See* 8/7/18 Tr. at 5. As for the Defendant's counsel's claim that the Government limited its allocution in the plea paperwork solely to the guidelines calculations, Defendant's counsel's argument omitted the key language

3

from that section of the plea paperwork, namely, "The parties agree that, *solely for the purposes of calculating the applicable range* under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted." *See* Plea Agreement, ¶ 4C (D.E. 71) (emphasis added). The limiting language the Defendant's counsel points to was "solely" regarding the parties' calculation of the guidelines range. As this Court confirmed at the parties most recent hearing on May 1, 2019, everyone agrees that the guidelines range in this case is 60 months of incarceration. Accordingly, the Defendant was aware of the Government's willingness to ask for an above guidelines sentence and the Government "reserved" its right to also seek an upward departure. Either way, an upward variance or an upward departure, there is zero breach of any plea agreement by the Government in this case.

As none of the Defendant's arguments for a guidelines sentence in this case are factually or legally meritorious, the Government recommends that the Court sentence the Defendant to a total sentence of 132 months of incarceration to be followed by five years of supervised release.

                Respectfully submitted,

                JESSIE K. LIU
                United States Attorney
                D.C. Bar No. 472845

By:          /s/
                CHRISTOPHER MACCHIAROLI
                D.C. Bar No. 491825
                KEVIN ROSENBERG
                Ohio Bar 0081448
                Assistant United States Attorneys