1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
2

3    UNITED STATES OF AMERICA,
                                          Criminal Action
4            Plaintiff,                   No. 1:18-cr-0059-RJL-8

5         vs.                             Washington, DC
                                          September 17, 2019
6

     RUSSELL HARRISON,
7                                         3:58 p.m.
             Defendant.
8    _____/

9

                        TRANSCRIPT OF SENTENCING
10              BEFORE THE HONORABLE RICHARD J. LEON
                     UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Government:      CHRISTOPHER MACCHIAROLI
                              U.S. Attorney's Office for the
14                            District of Columbia
                              555 Fourth Street, NW
15                            Washington, DC 20530

16

17   For the Defendant:      ROBERT BECKER
                              Law Office of Robert Becker
                              5614 Connecticut Ave, NW, PMB #155
18                            Washington, DC 20015

19

20

21

22

23   Reported By:            JEFF M. HOOK
                              Official Court Reporter
                              U.S. District & Bankruptcy Courts
24                            333 Constitution Avenue, NW
                              Room 4700-C
25                            Washington, DC  20001

1          **P R O C E E D I N G S**

2          **DEPUTY CLERK:**  Good afternoon, your Honor.  This

3  afternoon we have criminal case number 18-59-8, the United

4  States of America v. Russell Harrison.  Mr. Harrison is

5  present and in the courtroom, your Honor.  The Probation

6  Officer present for these proceedings is Ms. McGill.

7          Will counsel for the parties please approach the

8  lectern and identify yourselves for the record.

9          **MR. MACCHIAROLI:**  Good afternoon, your Honor.

10  Christopher Macchiaroli for the United States.

11          **THE COURT:**  Welcome back.

12          **MR. BECKER:**  Good afternoon, Judge.  Robert Becker

13  on behalf of Mr. Harrison.

14          **THE COURT:**  Welcome back.  Counsel, we're here for

15  argument and the sentencing of the defendant.  The Court

16  will hear from the Government first, then defense counsel.

17  The defendant's welcome to address the Court thereafter if

18  you'd like.

19          **MR. MACCHIAROLI:**  Good afternoon, your Honor.

20  This is one of those unique circumstances where we've had a

21  lot of argument about Mr. Harrison's history and

22  characteristics, the charges, what the appropriate sentence

23  should be and why the Government is asking for a sentence

24  above 60 months.  I'm just going to try to hit some of the

25  high points, because I know the Court has a good

1    recollection of the proceedings before it.

2         Let me just start with the history and

3    characteristics of Mr. Harrison.  And the Court raised this

4    point right out of the gate.  Before we even took

5    Mr. Harrison's plea, the Court was concerned about 60 months

6    for somebody who's basically been incarcerated for the

7    majority of his adult life.  I think that goes directly to

8    an issue relevant to sentencing.

9         Looking back at the PSR, I was reminded of the

10   fact that the defendant's conduct started before he became

11   an adult.  He was engaging in very serious conduct, and that

12   continues to the day he was arrested in this case.

13   Narcotics, firearms.  And we have in his residence the full

14   apparatus of cooking cocaine into crack, or manufacturing

15   it, all the tools you would need in the drug trade.  And

16   that was consistent with the Government's evidence in the

17   wire investigation.  The term soft for us -- soft meaning

18   powder cocaine, not for Mr. Harrison.  And then he would

19   take it, manufacture it and convert it to crack.

20        What was shocking for law enforcement is to arrive

21   at a location where there are six firearms, basically an

22   arsenal.  And this is not some 1978 Saturday night special

23   or some old musket or something, you know, collectors or

24   something.  These are dangerous weapons, and there's

25   ammunition for them.  What's even striking is when the

1    defendant is brought to the holding cell in the FBI, he

2    acknowledges he's got these six firearms, and if the FBI

3    finds them, he's in trouble.  Well, they did find them.  So

4    this is very dangerous conduct.

5           And this is -- we all know guns and drugs go

6    hand-in-hand in the drug trade.  But this isn't theoretical,

7    this is real life.  I mean, you have an arsenal of weapons

8    with somebody who's engaged in a drug conspiracy, consistent

9    with his history and characteristics of doing this on prior

10   occasions.  This is somebody who has been arrested on

11   multiple occasions, has gotten the benefit of having those

12   other cases dismissed or not prosecuted or a variety of

13   other factors.

14          I'm not asking the Court to take those into

15   consideration, but I'll just say that he must be a very --

16   one of the most unluckiest men that we've seen in that he

17   just continuously finds himself being arrested.  Even though

18   when we evaluate how much time he's actually been in the

19   community, it's not a lot of time.  He's been incarcerated

20   for most of his life.  So in those brief periods of time

21   when he's not incarcerated, he's getting arrested.

22          And when the Government was bringing this case, we

23   obviously -- our resources are trying to focus on people who

24   are involved in drug trafficking organizations like the one

25   that was brought before this Court.  We knew Mr. Harrison's

1    criminal history.  And but for a few changes of the law that

2    happened literally when this case was brought to the Court,

3    Mr. Harrison would have been a career offender -- which I

4    think a career offender for a 924(c) starts somewhere around

5    262 months at the bottom of the guidelines.

6           He would have been Armed Career Criminal Act

7    eligible.  And I think he's both -- if this was charged in

8    Maryland where the guns were found, where the drug apparatus

9    was found, where he was living, he would be a career

10   offender and would be Armed Career Criminal Act eligible.

11   That's why the Government's asking for the sentence that it

12   is, which is 11 years of incarceration, five years of

13   supervised release.

14          The Court asked the Government, "How'd you get to

15   11 years?"  And I told the Court, as I've said on a number

16   of difficult questions when they're posed to me, you know,

17   the Government -- there is no mathematical computation that

18   gets to 11 years.  You want to at some point acknowledge the

19   defendant's acceptance of responsibility without filing

20   motions.  That was before all the litigation we had, which

21   the Government is not -- doesn't want to be in a position of

22   increasing because of all the litigation after-the-fact.

23          We accept the fact that the defendant didn't

24   challenge the Government's evidence, pled guilty, ultimately

25   decided to go forward with his plea.  The balancing of that,

1   what he would have faced if he was an armed career offender,

2   15 years, and finding some balance in between.  Is it

3   perfect equities?  No.  But I think we're somewhere in the

4   area of what an appropriate sentence should be in this case,

5   taking into consideration the other people who have already

6   been sentenced in this case, Mr. Catlett to 16 years, the

7   leader of the conspiracy.  Where Mr. Harrison falls in the

8   spectrum of equities, looking at his criminal history and

9   the facts of this case, and that's where we come to.

10              I would note that defense counsel, I believe at

11  one of the prior hearings, talked about how Mr. Harrison

12  seemed to have just been left with these guns in his house.

13  And maybe that's an argument that defense counsel's going to

14  walk back from or proceed forward, I don't know.  I have to

15  anticipate this, and this is the last time I get to speak to

16  the Court about Mr. Harrison.

17              Even if that was the case, even if Mr. Harrison

18  found himself involved with people who left firearms at his

19  residence, what does that say?

20              **THE COURT:**  Wait a minute.  I have the proffer of

21  facts in support of the guilty plea that the defendant

22  entered under oath.  And he says, "I had a sifter, Pyrex

23  dish, digital scale, razor blade and the following firearms,

24  magazines and ammunition," and they're listed out.  There's

25  11 of them listed.  And then the next paragraph reads, "I

1    possessed the firearms in furtherance of my drug trafficking

2    as the firearms protected me and my residence from being

3    robbed by customers and/or other drug dealers when I was

4    possessing and distributing narcotics."

5              So the argument that this was like -- they were

6    left behind by someone, no, no, no.

7              **MR. MACCHIAROLI:**  And that was the Government's

8    reaction when I first heard this argument.

9              **THE COURT:**  That argument has no weight, no value.

10             **MR. MACCHIAROLI:**  And even if it was true -- which

11   it's not, he'd be involved in firearm trafficking and

12   facilitating that.  So either way you get to the same

13   answer, extremely dangerous conduct.  And this is not a Boy

14   Scout.  This is somebody who was convicted of assault with a

15   dangerous weapon, firearm, years ago.  He knows firearms.

16   He knows how to use them.  He has.  So any way you look at

17   this conduct, it's dangerous, period.  And that's why the

18   Government is asking for the sentence it is, your Honor.

19             This is not an easy sentence for the Government to

20   come up with.  But I think when you look at all of the facts

21   and characteristics, when you evaluate the evidence in this

22   case, when you take into consideration that the defendant's

23   criminal conduct didn't even stop when he was arrested in

24   this case, he stabbed somebody in prison.  I mean, so when

25   we're looking at it, even when he is incarcerated, he's

1    still committing crimes, which goes to the point that this

2    Court has raised in numerous sentencings, the prospect of

3    rehabilitation.  Is this somebody who, in his history, has

4    shown that he can leave the childish conduct behind, the

5    dangerous conduct behind of maybe a young person who hasn't

6    fully developed or whatever those arguments may be.  This is

7    a grown man.

8         I'm looking at his presentence report, and I

9    believe he may even be 40 now, 40 years old.  He's an adult

10    who can't be engaging in this conduct and ask this Court to

11    say that this will be the last time he does it or he's a

12    changed person.  The record doesn't establish that, it

13    doesn't.

14         **THE COURT:**  I'll hear from the defense.

15         Mr. Becker.

16         **MR. BECKER:**  Thank you, Judge.  I understand fully

17    that the Court's question here really is how much of a

18    variance above the 60 months you should go.

19         **THE COURT:**  I think that's the challenging

20    question.

21         **MR. BECKER:**  Okay.  Before I get to that, I'd like

22    to make a brief record on a couple of points.

23         **THE COURT:**  Sure.

24         **MR. BECKER:**  Okay.  Our position is that the

25    guidelines sentence is appropriate.  Our position also is,

1    as I've discussed at a previous hearing and I believe in a

2    previous pleading, that for purposes of calculating his

3    criminal history, the offense that was in superior court

4    that was just terminated -- just ended should not be

5    counted, and he should be a category four for the reasons

6    that I explained previously, okay.

7              But going forward and addressing the question you

8    asked of both of us, the guidelines provide a way to

9    calculate a sentence that factors in Mr. Harrison's criminal

10   history, and it calculates in the multiple guns.  And that

11   can be done without resort to saying, well, he might have

12   been -- he would have been a career criminal if we had

13   passed this case off to Maryland as opposed to -- and

14   therefore, the range should be somewhere between 60 and 180

15   months, because he would have gotten the 15 years as a

16   career -- armed career criminal.  And the balance the

17   Government strikes is 11 years in that.

18             But the guidelines provide a more rational way of

19   dealing with that.  In fact, it appears they provide at

20   least two, because I came up with one way and Ms. McGill

21   came up with a different way.

22             **THE COURT:**  Do you have Ms. McGill's analysis?

23             **MR. BECKER:**  I do.

24             **THE COURT:**  The Government does too.

25             **MR. BECKER:**  And the way I came up with it was to

1    say how does the -- how do the guidelines treat multiple

2    guns.  And the place it treats multiple guns is in 2K2.1,

3    which is the guideline that covers felon-in-possession.  And

4    it has enhancements based on the number of guns.  Up to six

5    guns is an enhancement of two levels, okay.

6              And if we then were to convert Mr. Harrison's

7    60-month sentence at you're operating at offense level -- at

8    criminal history category five now, that would be

9    equivalent -- the 60 months would be equivalent to an

10   offense level of 19.  And adding two levels would bring him

11   to 21.

12             But in doing that calculation, you also have to

13   consider that he should get three levels reduction for

14   acceptance of responsibility which means --

15             **THE COURT:**  True.

16             **MR. BECKER:**  Well --

17             **THE COURT:**  He can't get three, only the

18   Government can give him the third.

19             **MR. BECKER:**  Well, but the Government agreed in

20   the plea agreement to give him the third if this had been a

21   regular guideline sentence, not a 924(c) case.

22             **THE COURT:**  I'll go back and look at that.

23             **MR. BECKER:**  Okay.

24             **THE COURT:**  That's not my recollection, but I'll

25   go back and look at that.

1          **MR. BECKER:**  Okay.  In any case, that 19 is really

2     the equivalent of 22, okay, because the final offense level

3     would be 19 if he were given the three levels down from 22.

4          **THE COURT:**  But what you're talking about right

5     now, just like what Probation was talking about, is not a

6     guideline range calculation per se.  I mean, the

7     guidelines -- there's no quarrel by the parties as to what

8     the guideline range is here, it's the 60 months.  That's the

9     range.  The only question now is what the size of the

10    variance is up, once the Court has already decided that a

11    variance down is totally inappropriate and would not make

12    sense in this case.

13          The only question then is, well, considering the

14    nature of his conduct, the nature of the circumstances, the

15    protection of the community, the need for just punishment,

16    the need to deter him, the need to deter others, all the

17    3553 factors.  I understand you're trying to anchor it

18    somehow to -- you know, you're kind of putting a patchwork

19    quilt together of guideline provisions in an effort to try

20    to come up with a justifiable amount of a variance.  But

21    that's -- these are advisory.  I mean, you're welcome to

22    make the argument.  You made it in writing, I understand,

23    but you're arguing basically for a variance in the 76 to 87

24    I think.

25          **MR. BECKER:**  I believe the range I came up with

1    was 70 to 87 months.  The range Ms. McGill came up with

2    was -- it was adding 33 to 41 months, and she came up with

3    36 months on top, so 96 months.

4             **THE COURT:**  Hers was 93 to 101, the range.

5             **MR. BECKER:**  Well, right, but her recommendation

6    was 96.

7             **THE COURT:**  I don't want to confuse the record,

8    because she's not saying that that's the guideline range in

9    this case.

10            **MR. BECKER:**  No, no, I understand.

11            **THE COURT:**  The guideline range in this case we're

12   all in agreement on is 60 months.

13            **MR. BECKER:**  Correct.  But she used the guidelines

14   to come up with a recommendation for where the variance

15   should be, and she came up with, as I understand it, 96

16   months.  The difference between her calculation and mine --

17            **THE COURT:**  No, her range was 93 to 101.

18            **MR. BECKER:**  Well, I understand.  But the last

19   paragraph I believe on the second page said that where she

20   would come out would be at somewhere around 96.

21            **THE COURT:**  Right.  That was the ultimate choice

22   that she recommended.

23            **MR. BECKER:**  Okay.  And the difference between

24   what she came up with and what I came up with is really that

25   three levels for acceptance of responsibility.  Because if

1   she were to take what she came up with -- which was

2   effectively adding 14 levels, you know, treating the drug

3   count as a 14-level offense, and then subtract the three

4   levels for acceptance of responsibility, she would be at 11.

5   An 11, at criminal history category five, is 24 to 30

6   months.  So that on top of the 60 months would be 84 to 90

7   months, very close to what I came up with going a different

8   direction.

9           And we're all talking theoretical, because this is

10  a variance, it's not -- the guidelines don't apply.  But

11  it's a reasonable way of determining what that variance

12  should be in light of the guidelines.

13          **THE COURT:**  I'm not quarreling with the

14  reasonableness of your effort to try to link it somehow to

15  the federal sentencing guidelines.  But I don't want to lose

16  sight of the fact that in the final analysis, it's a

17  decision that's a judgmental decision the Court has to make

18  based on the totality of the circumstances, based on the

19  criminal history of the defendant, based on the nature of

20  the conduct of the defendant under these circumstances.

21          **MR. BECKER:**  And so let's go on to the 3553(a)

22  factors.

23          **THE COURT:**  Exactly.

24          **MR. BECKER:**  Okay.  And let's look at

25  Mr. Harrison.  He is 40 years old.  If you were to impose a

1    sentence in the range of seven to eight years, he will --

2    considering that he gets credit for time served already --

3              **THE COURT:**  Of course, of course.

4              **MR. BECKER:**  -- he will be 45, 46 years old by the

5    time he's released.  He will be under supervision until he's

6    over 50.  Studies show that defendants, as they get older,

7    are less likely to commit crimes.

8              **THE COURT:**  True.

9              **MR. BECKER:**  In addition, what I would ask is that

10   you recommend that he be placed at a facility where he can

11   get skills that he can use to earn income lawfully when he

12   gets out.  Two possibilities based on his experience in the

13   past, he is certified as a painter.  He could get additional

14   construction trade training at Fort Dix, at Fairton in New

15   Jersey, both of which are fairly close to this area so that

16   he can keep in contact with his family, which has obviously

17   been important as you can see from the letters that were

18   submitted by Mr. Carroll last year, okay.

19              And Fairton has a comprehensive construction

20   trades curriculum in addition to electrical work, heating

21   and air conditioning, stuff like that.  So does Fort Dix.

22   So there is a way he can get treatment or get the skills he

23   needs to operate in the community and function.

24              And so I think that a sentence in that range would

25   certainly reflect the seriousness of this crime.  It would

1   act as a deterrent.  It would protect the community in the

2   sense, as I said, that as he gets older, he is less likely

3   to commit crimes.  And it would provide him with enough time

4   that he could take many of these programs which take --

5   require 48 months in place in order to qualify for them.

6          You know, I also note that Mr. Harrison was in the

7   community for several years, and the letters demonstrate

8   that he had a strong bond with his family, with his

9   stepchildren.  He was involved in their education.  He was

10   involved in the community coaching and assisting kids in a

11   variety of programs.  So I think a sentence in that range of

12   70 to 87 months would fulfill all of the qualifications --

13   or the requirements of 3553(a).

14          **THE COURT:**  Would your client like to address the

15   Court?

16          **MR. BECKER:**  Excuse me?

17          **THE COURT:**  Would your client like to address the

18   Court?

19          **MR. BECKER:**  Yes, he would.

20          **THE DEFENDANT:**  Good afternoon.

21          **THE COURT:**  Good afternoon, sir.

22          **THE DEFENDANT:**  First of all, I'd like to

23   apologize to the Court and my family that's back there

24   supporting me for so long.  I want to let you know that I

25   take full responsibility for my actions, you know.  I know

1    it's not to be taken lightly.

2             As he was explaining, I am a 40-year-old man.

3    I've been incarcerated over half of my life.  And since I've

4    been incarcerated this time, I've heard my family beat me

5    over the head about we have to change, we have to change, we

6    have to change.  And I just want to explain real briefly, I

7    got on the phone with my kids the other day, you know, and

8    they was telling me how much about daddy need to change,

9    daddy need to change.

10            So I have took -- I have already took initiative

11   steps to try to make these changes.  I got spirituality.

12   I'm in all these different classes over at the jail, Black

13   Fathers Matter.  And I'm tired, you know, because I feel

14   like I've just been punished all my life coming back to

15   jail, punished, punished.  I haven't had a chance to really

16   get no help, you know.  And going in there with the

17   mentality of too much time, just getting a whole bunch of

18   time, a whole bunch of time.

19            I just feel like now I'm asking the Court to

20   support me in this movement in trying to better myself with

21   the programs that I'm trying to enter in.  I'm asking that

22   you be lenient in my sentence.  Thank you.

23            **THE COURT:**  All right.  Well, obviously the Court

24   had concerns about a possible sentence in this case early on

25   and raised them, and wanted everyone to be thinking about

1    them as we moved forward in the case.  This is a case that

2    calls out for -- with the 3553 factor analysis, the need to

3    protect the community, the need for just punishment, the

4    need to deter you, the need to deter others.  This is just

5    one of those cases where a variance is I think especially

6    appropriate, and especially necessary under the

7    circumstances.  The Court is mindful of the other defendants

8    in this case and the sentences they've gotten as well, and

9    has tried to fashion a sentence that would be a fair

10   sentence, but not any greater than necessary to accomplish

11   these factors that the Court is required to analyze and go

12   through.

13            I think all three parties -- the Government, the

14   defense and Probation, have struggled to come up with a

15   number that they feel is a fair and appropriate number in a

16   variance upward.  And I applaud them for their efforts to

17   try to come up with a way to justify and link it somehow to

18   the existing guideline range system, which is unfortunately

19   very complicated in its own right, and which at times

20   doesn't seem to really make a lot of sense frankly.  But

21   I've taken into consideration all three approaches that have

22   been advanced and have been demonstrated to the Court, and

23   I've come up with what I think is as fair a sentence as I

24   can under the circumstances.

25            So pursuant to the Sentencing Reform Act of '84,

1    and in consideration of the provisions of 18 U.S. Code

2    section 3553, as well as the advisory sentencing guidelines,

3    it is the judgment of the Court that you, Russell Harrison,

4    be committed to the custody of the Bureau of Prisons for a

5    term of 110 months imprisonment on count four -- 14, excuse

6    me, consecutive to any other sentence.  You're further

7    sentenced to serve 60 months, five years, term of supervised

8    release on count 14, and to pay a $100 special assessment

9    fee.

10           While on supervision, you shall abide by the

11   following mandatory conditions, as well as the standard

12   conditions of supervision which are imposed to establish the

13   basic expectations for your conduct while on supervision.

14   Mandatory conditions include you must not commit any other

15   federal, state or local offense.  You must not unlawfully

16   possess a controlled substance.  You must refrain from any

17   unlawful use of a controlled substance.  You must submit to

18   one drug test within 15 days of placement on supervision,

19   and at least two periodic drug tests thereafter as

20   determined by the Court.  You must cooperate in the

21   collection of DNA as directed by the U.S. Probation.

22           You also shall comply with the following special

23   conditions:  Substance abuse testing.  You must submit to

24   substance abuse testing to determine if you've used any

25   prohibited substances.  You must not attempt to obstruct or

1    tamper with the testing methods.

2         Educational services program.  You must

3    participate in an educational services program, and follow

4    the rules and regulations of that program.  Such programs

5    may include high school equivalency preparation, English as

6    a second language classes, and other classes designed to

7    improve your proficiency in skills such as reading, writing,

8    math and computer use.

9         Vocational services program.  You must participate

10   in a vocational services program, and follow the rules and

11   regulations of that program.  Such program may include job

12   readiness training and skills development training.

13        The Court finds you do not have the ability to pay

14   a fine, and therefore waives imposition of a fine in the

15   case.  Probation shall release the presentence report to all

16   appropriate agencies, which include U.S. Probation in the

17   approved district of residence, in order to execute the

18   Court's sentence.  Treatment agencies shall return the

19   presentence report to U.S. Probation upon defendant's

20   completion or termination from treatment.

21        Notice of appeal.  Pursuant to 18 U.S. Code

22   section 3742, you have a right to appeal the sentence

23   imposed by this Court if the period of imprisonment is

24   longer than the statutory maximum or the sentence departs

25   upward from the applicable sentencing guidelines range.  If

1    you choose to appeal, you must file an appeal within 14 days

2    after the Court enters judgment.

3              As defined in 28 U.S. Code section 2255, you may

4    also have the right to challenge the conviction entered or

5    sentence imposed if new and currently unavailable

6    information becomes available to you or on a claim that you

7    received ineffective assistance of counsel in entering a

8    plea of guilty to the offense of conviction or in connection

9    with the sentencing.  If you're unable to afford the cost of

10   an appeal, you may request permission from the Court to file

11   an appeal without any cost to you.

12             I think -- I will recommend that you serve your

13   sentence at a facility that can give you skills training.  I

14   don't know which would be the best one.  I will leave that

15   to the Bureau of Prisons to decide which facility has the

16   best combination of vocational training that would give you

17   the skills that would help you when you get out.  I also

18   will recommend that you serve your time in a facility close

19   to -- as close as possible to Washington so it will be

20   easier for your family to visit you there.

21             The one thing I know for certain is, though, in

22   the final analysis, this cycle of guns and drugs, you just

23   have to break it.  You have to get away from them.  You have

24   to stay away from them, because the way that cycle is

25   progressing in your case, you could find yourself -- and

1    others may find themselves, on the wrong end of a bullet.

2    And that would be a very, very sad ending for not only you,

3    if it were you, or someone else.  It would be very sad and

4    very unnecessary.  That cycle of drugs and guns has to be

5    broken.  You're going to have to have the strength of

6    resolve and strength of character to break it as to yourself

7    and stay away from guns and drugs.  Whether you will or you

8    won't remains to be seen, but I hope you will certainly.

9    And the sentence that I've given you is given in the hope

10   that you will finally learn that lesson and be willing to

11   make that break in your prior conduct.

12            Are there any questions from the defense?

13        **MR. BECKER:**  No, your Honor.

14        **THE COURT:**  Are there any questions from the

15   Government?

16        **MR. MACCHIAROLI:**  No, your Honor.  The Government

17   would move to dismiss all the remaining charges against

18   Mr. Harrison.

19            **THE COURT:**  Motion granted.

20            Anything else, counsel?

21        **MR. MACCHIAROLI:**  Not from the Government.

22        **MR. BECKER:**  No, your Honor.

23        **THE COURT:**  Stand in recess.

24        (Proceedings adjourned at 4:19 p.m.)

25

1

## C E R T I F I C A T E

2

3          I, **Jeff M. Hook, Official Court Reporter**,

4    certify that the foregoing is a true and correct transcript

5    of the record of proceedings in the above-entitled matter.

6

7

8

9    **December 23, 2019**                              _____

10              **DATE**                                      **Jeff M. Hook**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**$**

$100 [1]    18/8

**'**

'84 [1]    17/25

**1**

101 [2]    12/4 12/17
11 [7]    5/12 5/15
    5/18 6/25 9/17 13/4
    13/5
110 [1]    18/5
14 [4]    13/2 18/5
    18/8 20/1
14-level [1]    13/3
15 [3]    6/2 9/15
    18/18
155 [1]    1/17
16 [1]    6/6
17 [1]    1/5
18 [2]    18/1 19/21
18-59-8 [1]    2/3
180 [1]    9/14
19 [3]    10/10 11/1
    11/3
1978 [1]    3/22
1:18-cr-0059-RJL-8 [1]
    1/4

**2**

20001 [1]    1/25
20015 [1]    1/18
2019 [1]    1/5
20530 [1]    1/15
21 [1]    10/11
22 [2]    11/2 11/3
2255 [1]    20/3
24 [1]    13/5
262 [1]    5/5
28 [1]    20/3
2K2.1 [1]    10/2

**3**

30 [1]    13/5
33 [1]    12/2
333 [1]    1/24
3553 [5]    11/17
    13/21 15/13 17/2
    18/2
36 [1]    12/3
3742 [1]    19/22
3:58 [1]    1/7

**4**

40 [3]    8/9 8/9
    13/25
40-year-old [1]
    16/2
41 [1]    12/2
45 [1]    14/4
46 [1]    14/4
4700-C [1]    1/24
48 [1]    15/5
4:19 p.m [1]    21/24

**5**

50 [1]    14/6
555 [1]    1/14
5614 [1]    1/17

**6**

60 [9]    2/24 3/5
    8/18 9/14 10/9 11/8
    12/12 13/6 18/7
60-month [1]    10/7

**7**

70 [2]    12/1 15/12
76 [1]    11/23

**8**

84 [1]    13/6
87 [3]    11/23 12/1
    15/12

**9**

90 [1]    13/6
924 [2]    5/4 10/21
93 [2]    12/4 12/17
96 [4]    12/3 12/6
    12/15 12/20

**A**

abide [1]    18/10
ability [1]    19/13
above [3]    2/24 8/18
    22/5
above-entitled [1]
    22/5
abuse [2]    18/23
    18/24
accept [1]    5/23
acceptance [4]    5/19
    10/14 12/25 13/4
accomplish [1]
    17/10
acknowledge [1]
    5/18
acknowledges [1]
    4/2
act [4]    5/6 5/10
    15/1 17/25
Action [1]    1/3
actions [1]    15/25
actually [1]    4/18
adding [3]    10/10
    12/2 13/2
addition [2]    14/9
    14/20
additional [1]
    14/13
address [3]    2/17
    15/14 15/17
addressing [1]    9/7
adjourned [1]    21/24
adult [3]    3/7 3/11
    8/9
advanced [1]    17/22
advisory [2]    11/21
    18/2
afford [1]    20/9
after-the-fact [1]
    5/22
afternoon [7]    2/2
    2/3 2/9 2/12 2/19
    15/20 15/21
against [1]    21/17
agencies [2]    19/16
    19/18

ago [1]    7/15
agreed [1]    10/19
agreement [2]    10/20
    12/12
air [1]    14/21
AMERICA [2]    1/3 2/4
ammunition [2]    3/25
    6/24
amount [1]    11/20
analysis [4]    9/22
    13/16 17/2 20/22
analyze [1]    17/11
anchor [1]    11/17
and/or [1]    7/3
anticipate [1]    6/15
apologize [1]    15/23
apparatus [2]    3/14
    5/8
appeal [6]    19/21
    19/22 20/1 20/1
    20/10 20/11
APPEARANCES [1]
    1/12
appears [1]    9/19
applaud [1]    17/16
applicable [1]
    19/25
apply [1]    13/10
approach [1]    2/7
approaches [1]
    17/21
appropriate [6]
    2/22 6/4 8/25 17/6
    17/15 19/16
approved [1]    19/17
area [2]    6/4 14/15
arguing [1]    11/23
argument [7]    2/15
    2/21 6/13 7/5 7/8
    7/9 11/22
arguments [1]    8/6
armed [4]    5/6 5/10
    6/1 9/16
around [2]    5/4
    12/20
arrested [5]    3/12
    4/10 4/17 4/21 7/23
arrive [1]    3/20
arsenal [2]    3/22
    4/7
assault [1]    7/14
assessment [1]    18/8
assistance [1]    20/7
assisting [1]    15/10
attempt [1]    18/25
Attorney's [1]    1/13
available [1]    20/6
Ave [1]    1/17
Avenue [1]    1/24
away [3]    20/23
    20/24 21/7

**B**

back [8]    2/11 2/14
    3/9 6/14 10/22
    10/25 15/23 16/14
balance [2]    6/2
    9/16
balancing [1]    5/25
Bankruptcy [1]    1/23

based [5]    10/4
    13/18 13/18 13/19
    14/12
basic [1]    18/13
basically [3]    3/6
    3/21 11/23
beat [1]    16/4
became [1]    3/10
BECKER [4]    1/16
    1/17 2/12 8/15
becomes [1]    20/6
behalf [1]    2/13
behind [3]    7/6 8/4
    8/5
benefit [1]    4/11
best [2]    20/14
    20/16
better [1]    16/20
Black [1]    16/12
blade [1]    6/23
bond [1]    15/8
both [3]    5/7 9/8
    14/15
bottom [1]    5/5
Boy [1]    7/13
break [3]    20/23
    21/6 21/11
brief [2]    4/20 8/22
briefly [1]    16/6
bring [1]    10/10
bringing [1]    4/22
broken [1]    21/5
brought [3]    4/1
    4/25 5/2
bullet [1]    21/1
bunch [2]    16/17
    16/18
Bureau [2]    18/4
    20/15

**C**

calculate [1]    9/9
calculates [1]    9/10
calculating [1]    9/2
calculation [3]
    10/12 11/6 12/16
calls [1]    17/2
came [11]    9/20 9/21
    9/25 11/25 12/1
    12/2 12/15 12/24
    12/24 13/1 13/7
can [10]    8/4 9/11
    10/18 14/10 14/11
    14/16 14/17 14/22
    17/24 20/13
career [9]    5/3 5/4
    5/6 5/9 5/10 6/1
    9/12 9/16 9/16
Carroll [1]    14/18
case [22]    2/3 3/12
    4/22 5/2 6/4 6/6
    6/9 6/17 7/22 7/24
    9/13 10/21 11/1
    11/12 12/9 12/11
    16/24 17/1 17/1
    17/8 19/15 20/25
cases [2]    4/12 17/5
category [3]    9/5
    10/8 13/5
Catlett [1]    6/6

**C**

cell [1]   4/1
certain [1]   20/21
certainly [2]   14/25
 21/8
certified [1]   14/13
certify [1]   22/4
challenge [2]   5/24
 20/4
challenging [1]
 8/19
chance [1]   16/15
change [5]   16/5
 16/5 16/6 16/8 16/9
changed [1]   8/12
changes [2]   5/1
 16/11
character [1]   21/6
characteristics [4]
 2/22 3/3 4/9 7/21
charged [1]   5/7
charges [2]   2/22
 21/17
childish [1]   8/4
choice [1]   12/21
choose [1]   20/1
CHRISTOPHER [2]
 1/13 2/10
circumstances [6]
 2/20 11/14 13/18
 13/20 17/7 17/24
claim [1]   20/6
classes [3]   16/12
 19/6 19/6
client [2]   15/14
 15/17
close [4]   13/7
 14/15 20/18 20/19
coaching [1]   15/10
cocaine [2]   3/14
 3/18
Code [3]   18/1 19/21
 20/3
collection [1]
 18/21
collectors [1]   3/23
COLUMBIA [2]   1/1
 1/14
combination [1]
 20/16
coming [1]   16/14
commit [3]   14/7
 15/3 18/14
committed [1]   18/4
committing [1]   8/1
community [7]   4/19
 11/15 14/23 15/1
 15/7 15/10 17/3
completion [1]
 19/20
complicated [1]
 17/19
comply [1]   18/22
comprehensive [1]
 14/19
computation [1]
 5/17
computer [1]   19/8
concerned [1]   3/5

concerns [1]   16/24
conditioning [1]
 14/21
conditions [4]
 18/11 18/12 18/14
 18/23
conduct [13]   3/10
 3/11 4/4 7/13 7/17
 7/23 8/4 8/5 8/10
 11/14 13/20 18/13
 21/11
confuse [1]   12/7
Connecticut [1]
 1/17
connection [1]   20/8
consecutive [1]
 18/6
consider [1]   10/13
consideration [5]
 4/15 6/5 7/22 17/21
 18/1
considering [2]
 11/13 14/2
consistent [2]   3/16
 4/8
conspiracy [2]   4/8
 6/7
Constitution [1]
 1/24
construction [2]
 14/14 14/19
contact [1]   14/16
continues [1]   3/12
continuously [1]
 4/17
controlled [2]
 18/16 18/17
convert [2]   3/19
 10/6
convicted [1]   7/14
conviction [2]   20/4
 20/8
cooking [1]   3/14
cooperate [1]   18/20
cost [2]   20/9 20/11
counsel [6]   2/7
 2/14 2/16 6/10 20/7
 21/20
counsel's [1]   6/13
count [3]   13/3 18/5
 18/8
counted [1]   9/5
couple [1]   8/22
course [2]   14/3
 14/3
court [33]
Court's [2]   8/17
 19/18
courtroom [1]   1/23
Courts [1]   1/23
covers [1]   10/3
cr [1]   1/4
crack [2]   3/14 3/19
credit [1]   14/2
crime [1]   14/25
crimes [3]   8/1 14/7
 15/3
criminal [14]   1/3
 2/3 5/1 5/6 5/10
 6/8 7/23 9/3 9/9

9/12 9/16 10/8 13/5
 13/19
currently [1]   20/5
curriculum [1]
 14/20
custody [1]   18/4
customers [1]   7/3
cycle [3]   20/22
 20/24 21/4

**D**

daddy [2]   16/8 16/9
dangerous [6]   3/24
 4/4 7/13 7/15 7/17
 8/5
DATE [1]   22/10
day [2]   3/12 16/7
days [2]   18/18 20/1
DC [4]   1/5 1/15
 1/18 1/25
dealers [1]   7/3
dealing [1]   9/19
decide [1]   20/15
decided [2]   5/25
 11/10
decision [2]   13/17
 13/17
defendant [8]   1/7
 1/16 2/15 4/1 5/23
 6/21 13/19 13/20
defendant's [5]
 2/17 3/10 5/19 7/22
 19/19
defendants [2]   14/6
 17/7
defense [6]   2/16
 6/10 6/13 8/14
 17/14 21/12
defined [1]   20/3
demonstrate [1]
 15/7
demonstrated [1]
 17/22
departs [1]   19/24
designed [1]   19/6
deter [4]   11/16
 11/16 17/4 17/4
determine [1]   18/24
determined [1]
 18/20
determining [1]
 13/11
deterrent [1]   15/1
developed [1]   8/6
development [1]
 19/12
difference [2]
 12/16 12/23
different [3]   9/21
 13/7 16/12
difficult [1]   5/16
digital [1]   6/23
directed [1]   18/21
direction [1]   13/8
directly [1]   3/7
discussed [1]   9/1
dish [1]   6/23
dismiss [1]   21/17
dismissed [1]   4/12
distributing [1]

7/4
district [6]   1/1
 1/1 1/10 1/14 1/23
 19/17
Dix [2]   14/14 14/21
DNA [1]   18/21
done [1]   9/11
down [2]   11/3 11/11
drug [10]   3/15 4/6
 4/8 4/24 5/8 7/1
 7/3 13/2 18/18
 18/19
drugs [4]   4/5 20/22
 21/4 21/7

**E**

early [1]   16/24
earn [1]   14/11
easier [1]   20/20
easy [1]   7/19
education [1]   15/9
educational [2]
 19/2 19/3
effectively [1]
 13/2
effort [2]   11/19
 13/14
efforts [1]   17/16
eight [1]   14/1
either [1]   7/12
electrical [1]
 14/20
eligible [2]   5/7
 5/10
else [2]   21/3 21/20
end [1]   21/1
ended [1]   9/4
ending [1]   21/2
enforcement [1]
 3/20
engaged [1]   4/8
engaging [2]   3/11
 8/10
English [1]   19/5
enhancement [1]
 10/5
enhancements [1]
 10/4
enough [1]   15/3
enter [1]   16/21
entered [2]   6/22
 20/4
entering [1]   20/7
enters [1]   20/2
entitled [1]   22/5
equities [2]   6/3
 6/8
equivalency [1]
 19/5
equivalent [3]   10/9
 10/9 11/2
especially [2]   17/5
 17/6
establish [2]   8/12
 18/12
evaluate [2]   4/18
 7/21
even [9]   3/4 3/25
 4/17 6/17 6/17 7/10
 7/23 7/25 8/9

**E**

everyone [1]    16/25
evidence [3]    3/16
 5/24 7/21
Exactly [1]    13/23
excuse [2]    15/16
 18/5
execute [1]    19/17
existing [1]    17/18
expectations [1]
 18/13
experience [1]
 14/12
explain [1]    16/6
explained [1]    9/6
explaining [1]    16/2
extremely [1]    7/13

**F**

faced [1]    6/1
facilitating [1]
 7/12
facility [4]    14/10
 20/13 20/15 20/18
fact [5]    3/10 5/22
 5/23 9/19 13/16
factor [1]    17/2
factors [5]    4/13
 9/9 11/17 13/22
 17/11
facts [3]    6/9 6/21
 7/20
fair [3]    17/9 17/15
 17/23
fairly [1]    14/15
Fairton [2]    14/14
 14/19
falls [1]    6/7
family [5]    14/16
 15/8 15/23 16/4
 20/20
fashion [1]    17/9
Fathers [1]    16/13
FBI [2]    4/1 4/2
federal [2]    13/15
 18/15
fee [1]    18/9
feel [3]    16/13
 16/19 17/15
felon [1]    10/3
felon-in-possession [1]
 10/3
few [1]    5/1
file [2]    20/1 20/10
filing [1]    5/19
final [3]    11/2
 13/16 20/22
finally [1]    21/10
find [3]    4/3 20/25
 21/1
finding [1]    6/2
finds [3]    4/3 4/17
 19/13
fine [2]    19/14
 19/14
firearm [2]    7/11
 7/15
firearms [8]    3/13
 3/21 4/2 6/18 6/23

 7/1 7/2 7/15
first [3]    2/16 7/8
 15/22
five [4]    5/12 10/8
 13/5 18/7
focus [1]    4/23
follow [2]    19/3
 19/10
following [3]    6/23
 18/11 18/22
foregoing [1]    22/4
Fort [2]    14/14
 14/21
forward [4]    5/25
 6/14 9/7 17/1
found [3]    5/8 5/9
 6/18
four [2]    9/5 18/5
Fourth [1]    1/14
frankly [1]    17/20
fulfill [1]    15/12
full [2]    3/13 15/25
fully [2]    8/6 8/16
function [1]    14/23
further [1]    18/6
furtherance [1]    7/1

**G**

gate [1]    3/4
gets [4]    5/18 14/2
 14/12 15/2
given [3]    11/3 21/9
 21/9
goes [2]    3/7 8/1
good [7]    2/2 2/9
 2/12 2/19 2/25
 15/20 15/21
Government [17]
 1/13 2/16 2/23 4/22
 5/14 5/17 5/21 7/18
 7/19 9/17 9/24
 10/18 10/19 17/13
 21/15 21/16 21/21
Government's [4]
 3/16 5/11 5/24 7/7
granted [1]    21/19
greater [1]    17/10
grown [1]    8/7
guideline [8]    10/3
 10/21 11/6 11/8
 11/19 12/8 12/11
 17/18
guidelines [12]    5/5
 8/25 9/8 9/18 10/1
 11/7 12/13 13/10
 13/12 13/15 18/2
 19/25
guilty [3]    5/24
 6/21 20/8
guns [11]    4/5 5/8
 6/12 9/10 10/2 10/2
 10/4 10/5 20/22
 21/4 21/7

**H**

half [1]    16/3
hand [2]    4/6 4/6
hand-in-hand [1]
 4/6
happened [1]    5/2

HARRISON [15]    1/6
 2/4 2/4 2/13 3/3
 3/18 5/3 6/7 6/11
 6/16 6/17 13/25
 15/6 18/3 21/18
Harrison's [5]    2/21
 3/5 4/25 9/9 10/6
head [1]    16/5
hear [2]    2/16 8/14
heard [2]    7/8 16/4
hearing [1]    9/1
hearings [1]    6/11
heating [1]    14/20
help [2]    16/16
 20/17
high [2]    2/25 19/5
him the [1]    10/18
himself [2]    4/17
 6/18
history [11]    2/21
 3/2 4/9 5/1 6/8 8/3
 9/3 9/10 10/8 13/5
 13/19
hit [1]    2/24
holding [1]    4/1
Honor [8]    2/2 2/5
 2/9 2/19 7/18 21/13
 21/16 21/22
HONORABLE [1]    1/10
HOOK [3]    1/22 22/3
 22/10
hope [2]    21/8 21/9
house [1]    6/12
How'd [1]    5/14

**I**

identify [1]    2/8
important [1]    14/17
impose [1]    13/25
imposed [3]    18/12
 19/23 20/5
imposition [1]
 19/14
imprisonment [2]
 18/5 19/23
improve [1]    19/7
inappropriate [1]
 11/11
incarcerated [6]
 3/6 4/19 4/21 7/25
 16/3 16/4
incarceration [1]
 5/12
include [4]    18/14
 19/5 19/11 19/16
income [1]    14/11
increasing [1]    5/22
ineffective [1]
 20/7
information [1]
 20/6
initiative [1]
 16/10
into [5]    3/14 4/14
 6/5 7/22 17/21
investigation [1]
 3/17
involved [5]    4/24
 6/18 7/11 15/9
 15/10

issue [1]    3/8

**J**

jail [2]    16/12
 16/15
JEFF [3]    1/22 22/3
 22/10
Jersey [1]    14/15
job [1]    19/11
JUDGE [3]    1/10 2/12
 8/16
judgment [2]    18/3
 20/2
judgmental [1]
 13/17
justifiable [1]
 11/20
justify [1]    17/17

**K**

keep [1]    14/16
kids [2]    15/10 16/7
kind [1]    11/18
knew [1]    4/25
knows [2]    7/15 7/16

**L**

language [1]    19/6
last [4]    6/15 8/11
 12/18 14/18
law [3]    1/17 3/20
 5/1
lawfully [1]    14/11
leader [1]    6/7
learn [1]    21/10
least [2]    9/20
 18/19
leave [2]    8/4 20/14
lecturn [1]    2/8
left [3]    6/12 6/18
 7/6
lenient [1]    16/22
LEON [1]    1/10
less [2]    14/7 15/2
lesson [1]    21/10
letters [2]    14/17
 15/7
level [4]    10/7
 10/10 11/2 13/3
levels [7]    10/5
 10/10 10/13 11/3
 12/25 13/2 13/4
life [5]    3/7 4/7
 4/20 16/3 16/14
light [1]    13/12
lightly [1]    16/1
likely [2]    14/7
 15/2
link [2]    13/14
 17/17
listed [2]    6/24
 6/25
literally [1]    5/2
litigation [2]    5/20
 5/22
living [1]    5/9
local [1]    18/15
location [1]    3/21
long [1]    15/24
longer [1]    19/24

**L**

look [5]   7/16 7/20 10/22 10/25 13/24
looking [4]   3/9 6/8 7/25 8/8
lose [1]   13/15
lot [3]   2/21 4/19 17/20

**M**

MACCHIAROLI [2]   1/13 2/10
magazines [1]   6/24
majority [1]   3/7
man [2]   8/7 16/2
mandatory [2]   18/11 18/14
manufacture [1]   3/19
manufacturing [1]   3/14
many [1]   15/4
Maryland [2]   5/8 9/13
math [1]   19/8
mathematical [1]   5/17
matter [2]   16/13 22/5
maximum [1]   19/24
may [7]   8/6 8/9 19/5 19/11 20/3 20/10 21/1
maybe [2]   6/13 8/5 12/1
McGill [3]   2/6 9/20
McGill's [1]   9/22
mean [4]   4/7 7/24 11/6 11/21
meaning [1]   3/17
means [1]   10/14
men [1]   4/16
mentality [1]   16/17
methods [1]   19/1
might [1]   9/11
mindful [1]   17/7
mine [1]   12/16
minute [1]   6/20
month [1]   10/7
months [20]   2/24 3/5 5/5 8/18 9/15 10/9 11/8 12/1 12/2 12/3 12/3 12/12 12/16 13/6 13/6 13/7 15/5 15/12 18/5 18/7
more [1]   9/18
most [2]   4/16 4/20
Motion [1]   21/19
motions [1]   5/20
move [1]   21/17
moved [1]   17/1
movement [1]   16/20
Mr. [20]   2/4 2/13 2/21 3/3 3/5 3/18 4/25 5/3 6/6 6/7 6/11 6/16 6/17 8/15 9/9 10/6 13/25 14/18 15/6 21/18

Mr. Becker [1]   8/15
Mr. Carroll [1]   14/18
Mr. Catlett [1]   6/6
Mr. Harrison [12]   2/4 2/13 3/3 3/18 5/3 6/7 6/11 6/16 6/17 13/25 15/6 21/18
Mr. Harrison's [5]   2/21 3/5 4/25 9/9 10/6
Ms. [4]   2/6 9/20 9/22 12/1
Ms. McGill [3]   2/6 9/20 12/1
Ms. McGill's [1]   9/22
much [4]   4/18 8/17 16/8 16/17
multiple [4]   4/11 9/10 10/1 10/2
musket [1]   3/23
must [11]   4/15 18/14 18/15 18/16 18/17 18/20 18/23 18/25 19/2 19/9 20/1
myself [1]   16/20

**N**

narcotics [2]   3/13 7/4
nature [3]   11/14 11/14 13/19
necessary [2]   17/6 17/10
need [10]   3/15 11/15 11/16 11/16 16/8 16/9 17/2 17/3 17/4 17/4
needs [1]   14/23
new [2]   14/14 20/5
next [1]   6/25
night [1]   3/22
note [2]   6/10 15/6
Notice [1]   19/21
number [5]   2/3 5/15 10/4 17/15 17/15
numerous [1]   8/2
NW [3]   1/14 1/17 1/24

**O**

oath [1]   6/22
obstruct [1]   18/25
obviously [3]   4/23 14/16 16/23
occasions [2]   4/10 4/11
off [1]   9/13
offender [4]   5/3 5/4 5/10 6/1
offense [7]   9/3 10/7 10/10 11/2 13/3 18/15 20/8
Office [2]   1/13 1/17
Officer [1]   2/6
Official [2]   1/23

22/3
old [5]   3/23 8/9 13/25 14/4 16/2
older [2]   14/6 15/2
once [1]   11/10
one [9]   2/20 4/16 4/24 6/11 9/20 17/5 18/18 20/14 20/21
only [4]   10/17 11/9 11/13 21/2
operate [1]   14/23
operating [1]   10/7
opposed [1]   9/13
order [2]   15/5 19/17
organizations [1]   4/24
others [3]   11/16 17/4 21/1
out [6]   3/4 6/24 12/20 14/12 17/2 20/17
over [4]   14/6 16/3 16/5 16/12
own [1]   17/19

**P**

p.m [2]   1/7 21/24
page [1]   12/19
painter [1]   14/13
paragraph [2]   6/25 12/19
participate [2]   19/3 19/9
parties [3]   2/7 11/7 17/13
passed [1]   9/13
past [1]   14/13
patchwork [1]   11/18
pay [2]   18/8 19/13
people [3]   4/23 6/5 6/18
per [1]   11/6
perfect [1]   6/3
period [2]   7/17 19/23
periodic [1]   18/19
periods [1]   4/20
permission [1]   20/10
person [2]   8/5 8/12
phone [1]   16/7
place [2]   10/2 15/5
placed [1]   14/10
placement [1]   18/18
Plaintiff [1]   1/4
plea [5]   3/5 5/25 6/21 10/20 20/8
pleading [1]   9/2
please [1]   2/7
pled [1]   5/24
PMB [1]   1/17
point [3]   3/4 5/18 8/1
points [2]   2/25 8/22
posed [1]   5/16
position [3]   5/21 8/24 8/25
possess [1]   18/16

possessed [1]   7/1
possessing [1]   7/4
possession [1]   10/3
possibilities [1]   14/12
possible [2]   16/24 20/19
powder [1]   3/18
preparation [1]   19/5
present [2]   2/5 2/6
presentence [3]   8/8 19/15 19/19
previous [2]   9/1 9/2
previously [1]   9/6
prior [3]   4/9 6/11 21/11
prison [1]   7/24
Prisons [2]   18/4 20/15
Probation [7]   2/5 11/5 17/14 18/21 19/15 19/16 19/19
proceed [1]   6/14
proceedings [4]   2/6 3/1 21/24 22/5
proffer [1]   6/20
proficiency [1]   19/7
program [7]   19/2 19/3 19/4 19/9 19/10 19/11 19/11
programs [4]   15/4 15/11 16/21 19/4
progressing [1]   20/25
prohibited [1]   18/25
prosecuted [1]   4/12
prospect [1]   8/2
protect [2]   15/1 17/3
protected [1]   7/2
protection [1]   11/15
provide [4]   9/8 9/18 9/19 15/3
provisions [1]   11/19 18/1
PSR [1]   3/9
punished [3]   16/14 16/15 16/15
punishment [2]   11/15 17/3
purposes [1]   9/2
pursuant [2]   17/25 19/21
putting [1]   11/18
Pyrex [1]   6/22

**Q**

qualifications [1]   15/12
qualify [1]   15/5
quarrel [1]   11/7
quarreling [1]   13/13
quilt [1]   11/19

**R**

range **[15]**   9/14
11/6  11/8  11/9
11/25  12/1  12/4
12/8  12/11  12/17
14/1  14/24  15/11
17/18  19/25
rational **[1]**   9/18
razor **[1]**   6/23
reaction **[1]**   7/8
readiness **[1]**   19/12
reading **[1]**   19/7
reads **[1]**   6/25
real **[2]**   4/7  16/6
really **[5]**   8/17
11/1  12/24  16/15
17/20
reasonable **[1]**
13/11
reasonableness **[1]**
13/14
reasons **[1]**   9/5
received **[1]**   20/7
recess **[1]**   21/23
recollection **[2]**
3/1  10/24
recommend **[3]**   14/10
20/12  20/18
recommendation **[2]**
12/5  12/14
recommended **[1]**
12/22
record **[5]**   2/8  8/12
8/22  12/7  22/5
reduction **[1]**   10/13
reflect **[1]**   14/25
Reform **[1]**   17/25
refrain **[1]**   18/16
regular **[1]**   10/21
regulations **[2]**
19/4  19/11
rehabilitation **[1]**
8/3
release **[3]**   5/13
18/8  19/15
released **[1]**   14/5
relevant **[1]**   3/8
remaining **[1]**   21/17
remains **[1]**   21/8
reminded **[1]**   3/9
report **[3]**   8/8
19/15  19/19
Reported **[1]**   1/22
Reporter **[2]**   1/23
22/3
request **[2]**   20/10
require **[1]**   15/5
required **[1]**   17/11
requirements **[1]**
15/13
residence **[4]**   3/13
6/19  7/2  19/17
resolve **[1]**   21/6
resort **[1]**   9/11
resources **[1]**   4/23
responsibility **[5]**
5/19  10/14  12/25
13/4  15/25
return **[1]**   19/18

RICHARD **[1]**   1/10
right **[8]**   3/4  11/4
12/5  12/21  16/23
17/19  19/22  20/4
RJL **[1]**   1/4
robbed **[1]**   7/3
ROBERT **[3]**   1/16
1/17  2/12
Room **[1]**   1/24
rules **[2]**   19/4
19/10
RUSSELL **[3]**   1/6  2/4
18/3

**S**

sad **[2]**   21/2  21/3
same **[1]**   7/12
Saturday **[1]**   3/22
saying **[2]**   9/11
12/8
scale **[1]**   6/23
school **[1]**   19/5
Scout **[1]**   7/14
se **[1]**   11/6
second **[2]**   12/19
19/6
section **[3]**   18/2
19/22  20/3
seem **[1]**   17/20
seemed **[1]**   6/12
sense **[3]**   11/12
15/2  17/20
sentence **[25]**
sentenced **[2]**   6/6
18/7
sentences **[1]**   17/8
sentencing **[8]**   1/9
2/15  3/8  13/15
17/25  18/2  19/25
20/9
sentencings **[1]**  8/2
September **[1]**   1/5
serious **[1]**   3/11
seriousness **[1]**
14/25
serve **[3]**   18/7
20/12  20/18
served **[1]**   14/2
services **[4]**   19/2
19/3  19/9  19/10
seven **[1]**   14/1
several **[1]**   15/7
shall **[4]**   18/10
18/22  19/15  19/18
shocking **[1]**   3/20
show **[1]**   14/6
shown **[1]**   8/4
sifter **[1]**   6/22
sight **[1]**   13/16
six **[3]**   3/21  4/2
10/4
size **[1]**   11/9
skills **[6]**   14/11
14/22  19/7  19/12
20/13  20/17
soft **[2]**   3/17  3/17
somebody **[6]**   3/6
4/8  4/10  7/14  7/24
8/3
somehow **[3]**   11/18

13/14  17/17
someone **[2]**   7/6
21/3
somewhere **[4]**   5/4
6/3  9/14  12/20
speak **[1]**   6/15
special **[2]**   3/22
18/8  18/22
spectrum **[1]**   6/8
spirituality **[1]**
16/11
stabbed **[1]**   7/24
Stand **[1]**   21/23
standard **[1]**   18/11
start **[1]**   3/2
started **[1]**   3/10
starts **[1]**   5/4
state **[1]**   18/15
STATES **[5]**   1/1  1/3
1/10  2/4  2/10
statutory **[1]**   19/24
stay **[2]**   20/24  21/7
stepchildren **[1]**
15/9
steps **[1]**   16/11
still **[1]**   8/1
stop **[1]**   7/23
Street **[1]**   1/14
strength **[2]**   21/5
21/6
strikes **[1]**   9/17
striking **[1]**   3/25
strong **[1]**   15/8
struggled **[1]**   17/14
Studies **[1]**   14/6
stuff **[1]**   14/21
submit **[2]**   18/17
18/23
submitted **[1]**   14/18
substance **[4]**   18/16
18/17  18/23  18/24
substances **[1]**
18/25
subtract **[1]**   13/3
superior **[1]**   9/3
supervised **[2]**   5/13
18/7
supervision **[5]**
14/5  18/10  18/12
18/13  18/18
support **[2]**   6/21
16/20
supporting **[1]**
15/24
Sure **[1]**   8/23
system **[1]**   17/18

**T**

talked **[1]**   6/11
talking **[3]**   11/4
11/5  13/9
tamper **[1]**   19/1
telling **[1]**   16/8
term **[3]**   3/17  18/5
18/7
terminated **[1]**   9/4
termination **[1]**
19/20
test **[1]**   18/18
testing **[3]**   18/23

18/24  19/1
tests **[1]**   18/19
theoretical **[2]**   4/6
13/9
thereafter **[2]**   2/17
18/19
therefore **[2]**   9/14
19/14
thinking **[1]**   16/25
third **[2]**   10/18
10/20
though **[2]**   4/17
20/21
three **[7]**   10/13
10/17  11/3  12/25
13/3  17/13  17/21
times **[1]**   17/19
tired **[1]**   16/13
together **[1]**   11/19
told **[1]**   5/15
took **[3]**   3/4  16/10
16/10
tools **[1]**   3/15
top **[2]**   12/3  13/6
totality **[1]**   13/18
totally **[1]**   11/11
trade **[3]**   3/15  4/6
14/14
trades **[1]**   14/20
trafficking **[3]**
4/24  7/1  7/11
training **[5]**   14/14
19/12  19/12  20/13
20/16
transcript **[2]**   1/9
22/4
treat **[1]**   10/1
treating **[1]**   13/2
treatment **[3]**   14/22
19/18  19/20
treats **[1]**   10/2
tried **[1]**   17/9
trouble **[1]**   4/3
true **[4]**   7/10  10/15
14/8  22/4
try **[5]**   2/24  11/19
13/14  16/11  17/17
trying **[4]**   4/23
11/17  16/20  16/21
two **[5]**   9/20  10/5
10/10  14/12  18/19

**U**

U.S **[8]**   1/13  1/23
18/1  18/21  19/16
19/19  19/21  20/3
ultimate **[1]**   12/21
ultimately **[1]**   5/24
unable **[1]**   20/9
unavailable **[1]**
20/5
under **[5]**   6/22
13/20  14/5  17/6
17/24
unfortunately **[1]**
17/18
unique **[1]**   2/20
UNITED **[5]**   1/1  1/3
1/10  2/3  2/10
unlawful **[1]**   18/17

| U | 6/6 7/15 8/9 9/15 | | |
|---|---|---|---|
| unlawfully [1] 18/15 | 9/17 13/25 14/1 | | |
| unluckiest [1]   4/16 | 14/4 15/7 18/7 | | |
| unnecessary [1] 21/4 | young [1]   8/5 | | |
| up [19]   7/20 9/20 9/21 9/25 10/4 11/10 11/20 11/25 12/1 12/2 12/14 12/15 12/24 12/24 13/1 13/7 17/14 17/17 17/23 | | | |
| upon [1]   19/19 | | | |
| upward [2]   17/16 19/25 | | | |
| use [4]   7/16 14/11 18/17 19/8 | | | |
| used [2]   12/13 18/24 | | | |
| **V** | | | |
| value [1]   7/9 | | | |
| variance [10]   8/18 11/10 11/11 11/20 11/23 12/14 13/10 13/11 17/5 17/16 | | | |
| variety [2]   4/12 15/11 | | | |
| visit [1]   20/20 | | | |
| vocational [3]   19/9 19/10 20/16 | | | |
| **W** | | | |
| wait [1]   6/20 | | | |
| waives [1]   19/14 | | | |
| walk [1]   6/14 | | | |
| Washington [5]   1/5 1/15 1/18 1/25 20/19 | | | |
| way [11]   7/12 7/16 9/8 9/18 9/20 9/21 9/25 13/11 14/22 17/17 20/24 | | | |
| weapon [1]   7/15 | | | |
| weapons [2]   3/24 4/7 | | | |
| weight [1]   7/9 | | | |
| welcome [4]   2/11 2/14 2/17 11/21 | | | |
| what's [1]   3/25 | | | |
| who's [2]   3/6 4/8 | | | |
| whole [2]   16/17 16/18 | | | |
| willing [1]   21/10 | | | |
| wire [1]   3/17 | | | |
| within [2]   18/18 20/1 | | | |
| without [3]   5/19 9/11 20/11 | | | |
| work [1]   14/20 | | | |
| writing [2]   11/22 19/7 | | | |
| wrong [1]   21/1 | | | |
| **Y** | | | |
| year [2]   14/18 16/2 | | | |
| years [15]   5/12 5/12 5/15 5/18 6/2 | | | |